UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADHID MIRI, ET AL.,

    Plaintiffs,

v.

ANDY DILLON, IN HIS OFFICIAL
CAPACITY AS TREASURER OF THE
STATE OF MICHIGAN, ET AL.,

    Defendants.
_____/

Case No. 11-15248

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS'
MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT [44]**

This is a civil rights lawsuit brought pursuant to 42 U.S.C. § 1983. Plaintiffs Adhid Miri and The Exchange, Inc., on behalf of themselves and all other similarly situated legal persons, allege that Defendants violated their Fourth Amendment rights by following the Michigan Department of Treasury's uniform practice during the relevant time period and entering their property without a judicially authorized warrant and seizing their property in satisfaction of an alleged tax debt. On May 14, 2013, the Court certified the following class for liability purposes only:

> All persons, businesses, or entities who or which have been subjected to non-consensual, non-judicially approved search and/or seizure of their property carried out by agents or other persons acting on behalf of or at the direction of the Michigan Department of Treasury within the applicable statute of limitations period where such persons failed to secure judicially authorized warrants permitting such search and/or seizure.

(ECF No. 36, Opin. at 12.) Plaintiffs are now before the Court seeking leave to file a first amended complaint that adds 22 warrant officers in their individual capacities as named Defendants and re-defines the class consistent with the Court's May 14, 2013 Order.

Plaintiffs' motion is GRANTED IN PART and DENIED IN PART.

It is GRANTED as to Plaintiffs' request (1) to add Barbara Weatherbee as a party Defendant; and (2) to amend the complaint consistent with the Court's May 14, 2013 Order defining the Plaintiff class and consistent with the Court's clarification in this Order that the member class only includes taxpayers that were subject to searches/seizures that were not judicially authorized and thus excludes searches/seizures conducted pursuant to judicially issued orders.

It is DENIED as to Plaintiffs' request: (1) to add Rashana Billingslea, Tiffany Burks, Hadley Ryan, Michael Severance, Kelly Straka, Elisa Viviano, and Jacob White as named Defendants because none of these individuals executed or participated in the execution of any Tax Warrant without an order signed by a judge; and (2) to add Patricia Balczak, Nancy Bloomquist, Johnnie Bolden, Mishira Davis, Theresa Harris, Fred Jagger, Philip Johnson, Amanda (Kobera) Kelly, Iola Miller, Claire Monroe, Mary Murray, Jennie Rose, Steven Schaub, and Janet Thompson as named Defendants because, as discussed below, claims against these individuals would be barred by the three-year statute of limitations for § 1983 actions and would not relate back to the original complaint pursuant to Federal Rule of Civil Procedure 15(c).

**I.    Procedural Facts**

The injury to Plaintiffs Miri and The Exchange, Inc. is alleged to have occurred on January 7, 2010. On that date, Defendant Rodriguez and other individuals searched

Plaintiffs' business premises, Copper Canyon, pursuant to a Treasury Warrant and seized Plaintiffs' property. Consistent with the Treasury Department's established practices and procedures, the Treasury Warrant was issued without judicial approval. (ECF No. 36, Opin. at 3-5.)

On November 29, 2011, Plaintiffs filed a putative class action complaint. It asserts a civil rights claim, brought pursuant to 42 U.S.C. § 1983, alleging that, as a result of the standardized policy, practice, and procedure of Michigan's Department of Treasury from December 1, 2008 to December 1, 2011, the putative class members' Fourth Amendment rights protecting against unreasonable searches and seizures were violated. The named Defendants in Plaintiffs' original complaint are: Andy Dillon, in his capacity as Treasurer for the State of Michigan, Rick Rodriguez, and individual, Michigan State Trooper #1, and Michigan State Trooper John Doe #1. (ECF No. 1, Compl.)

On August 31, 2012, in written responses to Plaintiffs' discovery requests, Defendants identified Michigan Department of Treasury employees who were empowered to seek and/or execute a Michigan Department of Treasury Warrant between December 1, 2008 and August 31, 2012:

From December 1, 2008 to March 4, 2011:

Iola Miller, Warrant Officer
Manuel Rodriguez, Warrant Officer
Claire Monroe, Warrant Officer
Rashana Billingslea, Warrant Officer
Fred Jagger, Warrant Officer
Mishira Davis, Warrant Officer
Theresa Harris, Warrant Officer
Mary Murray, Warrant Officer
Johnnie Bolden, Warrant Officer
Janet Thompson, Warrant Officer (Retired)
Nancy Bloomquist, Warrant Officer

3

    Amanda Kobera, Warrant Officer
    Barbara Weatherbee, Warrant Officer
    Patricia Balscak, Warrant Officer

    <u>From March 5, 2011 to [August 31, 2012]</u>:

    Michael Severance, Enforcement Officer
    Iola Miller, Enforcement Officer
    Theresa Harris, Enforcement Officer
    Elisa Viviano, Enforcement Officer
    Kelly Straka, Enforcement Officer
    Tiffany Burks, Enforcement Officer
    Jennie Rose, Enforcement Officer
    Phillip Johnson, Enforcement Officer
    Jacob White, Enforcement Officer
    Hadley Ryan, Lead Enforcement Officer
    Steven Schaub, Departmental Manager, Enforcement Section

(Pls.' Mot., Ex. 2, Ans. to Pls.' 2d Set Interrogs., Ans. 1.)

On May 14, 2013, this Court entered its Opinion and Order granting in part Plaintiffs' motion for class certification. After defining the class, the Court certified it for liability purposes only. (ECF No. 36.)

On September 3, 2013, Plaintiffs filed the motion now before the Court. Plaintiffs seek leave to file an amended complaint that: (1) re-defines the class consistent with the Court's May 14, 2013 Order; and (2) adds, as named Defendants, all 22 of the individuals identified in Defendants' written discovery response. (Pls.' Mot., Ex. 3, Prop. Am. Compl.)

Relevant here, Plaintiffs' proposed amended complaint alleges the following.

Plaintiffs' class action arises out of Defendants' systematic and repeated unconstitutional deprivation of Plaintiffs' right to be free from unreasonable search and seizures in violation of 42 U.S.C. § 1983 during the applicable statute of limitations period. (*Id.*, ¶ 1.)

4

All of the Defendants are, or have at relevant times been, employees or agents of the Michigan Department of Treasury, and have been involved in the issuance of or execution on non-judicially authorized warrants during the applicable time period. (*Id.*, ¶ 2.)

More specifically, Defendants, pursuant to unconstitutional policies and practices maintained and carried out by the Michigan Department of Treasury as to the citizens of the State of Michigan, invaded Plaintiffs' place of business and the Class Members' property to search and seize property in violation of the Fourth Amendment of the United States Constitution. (*Id.*, ¶¶ 3, 26, 31.)

As is their custom and practice, Defendants carried out their searches and seizures without first securing a judicially authorized warrant. (*Id.*, ¶ 5.)

It is believed that, prior to 2011, it was Defendants' practice to <u>never</u> obtain, or even attempt to obtain, judicially authorized warrants before effectuating a search and seizure in collection of an alleged tax debt, and this practice may be continuing at this time despite Defendants' assertions to the contrary. (*Id.*, ¶ 7.)

Plaintiffs and the class are entitled to an award of injunctive relief against such practices, as well as damages, including actual, punitive, exemplary, and other damages. (*Id.*, ¶ 12.)

## II. Standard of Review

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend is freely granted where justice so requires. However, a motion to amend a Complaint should be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile. *See Foman v. Davis*, 371 U.S. 178 (1962). Prejudice may result from delay, but "[d]elay by itself is not sufficient reason to deny

a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994) (citing *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989) (quoting *Hagerman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973))).

### III. Analysis

Plaintiffs' motion seeking leave to file a first amended complaint is opposed by Defendants. Defendants do not argue that Plaintiffs' motion should be denied because it was brought in bad faith, results in undue delay, or would unfairly prejudice Defendants. Rather, their sole argument for denial is that Plaintiffs' proposed amendments would be futile. A proposed amendment "is futile only if it could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000). And, as the Sixth Circuit recently noted, "a complaint only survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Estate of Barney v. PNC Bank, Nat'l Assoc.*, 714 F.3d 920, 924-25 (6th Cir. 2013) (internal quotations and citations omitted).

The Court now examines Defendants' arguments.

#### 1. Proposed Amendment to Re-Define the Class to Conform With Court Order And Court's Clarification of Class Definition

In their motion, Plaintiffs seek leave to file an amended complaint that re-defines the class consistent with the Court's May 14, 2013 Order. That Order certified the following class for liability purposes only:

> All persons, businesses, or entities who or which have been subjected to non-consensual, <u>non-judicially approved</u> search and/or seizure of their property carried out by agents or other persons acting on behalf of or at the direction of the Michigan Department of Treasury within the applicable statute of limitations

period where such persons failed to secure <u>judicially authorized</u> warrants permitting such search and/or seizure.

(Emphasis added.) (ECF No. 36, Opin. at 12.)

In their Response, Defendants argue that the member class only includes taxpayers that were subject to searches/seizures that were "not judicially authorized" and thus excludes searches/seizures conducted pursuant to judicially issued orders. (*Id.* at 21.) The Court agrees with Defendants; and to the extent this was not clear in the Court's May 14, 2013, it is now clarified. Plaintiffs' motion to amend is granted to the extent it is consistent with this clarification.

### 2. Defendants Concede One Newly Named Individual Can Be Added As Party Defendant

Defendants concede that Barbara Weatherbee was involved in seizures absent judicial authorization and thus may be added as a party Defendant. (Defs.' Resp. at 2 and at 2 n.2.) Accordingly, Plaintiffs' motion is granted as to the addition of this individual.

### 3. Plaintiffs' Claims Against Seven Newly Named Individuals Who Executed or Participated in Execution of Tax Warrants Only With a Court Order Signed by a Judge

Plaintiffs do not dispute Defendants assertion that seven of the newly named individuals that Plaintiffs seek to add as party Defendants never participated in the execution of a Tax Warrant that was not accompanied by a court order, i.e., Rashana Billingslea, Tiffany Burks, Hadley Ryan, Michael Severance, Kelly Straka, Elisa Viviano, and Jacob White. (Defs.' Resp. at 5-6.) In light of that fact and the Court's clarification of the class definition, Plaintiffs' request to amend their complaint to add claims against these seven individuals is denied as futile.

7

**4. Plaintiffs' Claims Against the Remaining Fourteen Newly Named Individuals Are Barred by the Three-Year Statute of Limitations**

Defendants next argue that Plaintiffs' attempt to add fourteen of the newly named individuals as party Defendants is futile because none participated in a non-judicially authorized seizure within the three years before September 3, 2013 -- the date Plaintiffs filed their motion to amend. Below is a table showing the newly added individual's name and the date Defendants provide for each individual's last non-judicially authorized seizure:

| Newly Named Individual | Date of Last Seizure |
|---|---|
| Patricia Balczak | April 14, 2010 |
| Nancy Bloomquist | April 13, 2010 |
| Johnnie Bolden | March 25, 2010 |
| Mishira Davis | March 23, 2010 |
| Theresa Harris | September 15, 2009 |
| Fred Jagger | January 5, 2010 |
| Philip Johnson | April 13, 2010 |
| Amanda (Kobera) Kelly | July 14, 2009 |
| Iola Miller | January 28, 2010 |
| Claire Monroe | September 1, 2009 |
| Mary Murray | April 8, 2010 |
| Jennie Rose | April 8, 2010 |
| Steven Schaub | July 29, 2009 |
| Janet Thompson | January 20, 2010 |

(Defs.' Resp. at 2-3.)

There are two components to Defendants' argument: (1) although class action tolling applies to the addition of Plaintiffs, the Sixth Circuit does not apply that tolling doctrine to the addition of new Defendants;[1] and (2) because Plaintiffs cannot satisfy the requirements

---

[1]Defendants raise two additional arguments that Plaintiffs do not challenge in their Reply. First, Defendants argue that equitable tolling does not help Plaintiffs because Michigan has abrogated equitable tolling and state law governs any disputes about the equitable tolling of the statute of limitations period for § 1983 claims. *See Hardin v. Straub*, 490 U.S. 536, 538 (1989); *Trentadue v. Buckler Lawn Sprinkler*, 738 N.W.2d 664, 671-672 (Mich. 2007). Second, Defendants argue that equitable estoppel does not prevent the

of Fed. R. Civ. P. 15(c)(1)(C), these newly named individual Defendants cannot obtain the benefits of that "relation back" rule and overcome a statute of limitations bar.

The Court begins its analysis with Defendants' tolling argument. The parties do not dispute "that a federal court must borrow state statute of limitations and tolling rules in a § 1983 action." *Guy v. Lexington-Fayette Urban Cnty. Gov't*, 488 F. App'x 9, 18 (6th Cir.), *cert. den.*, 133 S. Ct. 547 (2012).

### a. Class Action Tolling Does Not Apply to Addition of New Defendants

First, as Defendants correctly observe, Plaintiffs' original and proposed amended complaint allege a Plaintiff class. They do not allege the existence of a defendant class, nor have Plaintiffs sought to certify a defendant class. Thus, the relevant law here addresses the tolling of plaintiff class actions.

As the Supreme Court reiterated in *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 353-54 (1983), "'the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class.'" *Id.* at 353-54 (quoting *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974)). Answering the issue presented to it in *Crown*, the Court concluded that the filing of a class action tolls the applicable statute of limitations and "it remains tolled for all members of the putative class until class certification is denied. At that point, class members may choose to file their own suits or to intervene as plaintiffs in the pending action." *Id.* at 354. It rejected Crown's argument that the class action tolling

---

newly named individuals from asserting a statute-of-limitations defense because Plaintiffs have not and cannot show that Defendants intentionally obstructed facts in an attempt to prevent Plaintiffs or potential class members from timely filing suit. (Defs.' Resp. at 10-11.)

9

rule announced in *American Pipe* should be restricted to interveners. *Id.* at 353. The Court based its decision on the conclusion that "a tolling rule for class actions is not inconsistent with the purposes served by statutes of limitations." *Id.* at 352.

> Limitations periods are intended to put defendants on notice of adverse claims and to prevent plaintiffs from sleeping on their rights, but these ends are met when a class action is commenced. Class members who do not file suit while the class is pending cannot be accused of sleeping on their rights; Rule 23 both permits and encourages class members to rely on named plaintiffs to press their claims. <u>And a class complaint notifies the defendants not only of the substantive claims being brought against them, but also of the number and generic identities of the potential plaintiffs</u> who may participate in the judgment. The defendant will be aware of the need to preserve evidence and witnesses respecting the claims of all the members of the class. Tolling the statute of limitations thus creates no potential for unfair surprise, regardless of the method class members choose to enforce their rights upon denial of class certification.

*Id.* at 352-53 (emphasis added) (internal quotation marks and citations omitted). *See also Cowles v. Bank West*, 719 N.W.2d 94, 103 (Mich. 2006) (observing that a Michigan Court Rule, MCR 3.501(F), is "modeled after the United States Supreme Court's decision in *American Pipe*").

In *Wyser-Pratte Management Co., Inc. v. Telxon Corp.*, 413 F.3d 553 (6th Cir. 2005), the Sixth Circuit considered Ohio's class action tolling doctrine, which was adopted "in reliance on the reasoning in *American Pipe* and *Crown*. . . ." *Id.* at 567. Although the facts of *Wyser-Pratte* are far more complicated than those presented here, its rationale and holding counsel for a similar result here.

In *Wyser-Pratte*, there were three separate shareholder class actions brought on behalf of investors who purchased Telxon securities, all arising out of an alleged "deceptive scheme to falsely inflate Telxon's financial results" during a certain time period. *Id.* at 554, 559. The first (the "Telxon class action") was filed on December 11, 1998, and alleged

federal securities fraud claims against several defendants identified as the "Telxon defendants." Price Waterhouse Cooper ("PwC") was not a named defendant. Class certification in that first action was granted on September 19, 2001. There were no class claims against PwC in that first action, although the Telxon defendants did file a third-party complaint against PwC seeking contribution and asserting state-law claims. *Id.* at 558-559.

The second shareholder class action (the "PwC class action") was filed on May 3, 2001 against PwC asserting federal securities and fraud claims. *Id.* at 559. Class certification for that class was granted on August 26, 2001. *Id.* at 560.

On June 11, 2002, Wyser-Pratte filed a third shareholder class action suit (the "Wyser-Pratte class action") against PwC and the Telxon defendants asserting "five counts of federal securities fraud against the Telxon defendants, as well as four counts of state law fraud and negligent misrepresentation against PwC." *Id.* at 554, 560. In response to the defendants' motion to dismiss, the district court dismissed some claims but not others. *Id.* at 560. The sole issue on appeal, however, was "limited to the portion of the order dismissing [Wyser-Pratte's] fraud claims against PwC as barred by the applicable two-year statute of limitations." *Id.* Relevant here, the Sixth Circuit held that "the Telxon class action did not toll the limitations period for claims [that Wyser-Pratte] asserted against PwC, because no class claims were asserted against PwC." *Id.*

The Sixth Circuit first determined that Wyser-Pratte's complaint was not filed within the two-year statute of limitations period for fraud claims and thus, "in the absence of class tolling," would be barred. *Id.* at 566. The same is true here with respect to the fourteen new defendants identified above that Plaintiffs seek to add as party Defendants in their proposed amended complaint.

11

In analyzing whether the class action tolling doctrine modeled after *American Pipe* applied to save Wyser-Pratte's fraud claims against PwC, the Sixth Circuit observed that "[t]he first principle of significance to this case is that <u>the class action must afford the defendant with adequate notice</u>." *Id.* at 567 (emphasis added). It then determined that the district court's decision dismissing those state-law fraud claims against PwC was "[c]onsistent with this principle." *Id.* To support its decision, the Sixth Circuit observed that "[t]he few cases that have considered similar situations have held that class action tolling <u>does not apply to a defendant not named in the class action complaint</u>." *Id.* (emphasis added) (citing cases for other circuit courts of appeal). The Sixth Circuit further observed that it "has held, albeit in an unpublished decision without much discussion, that *American Pipe* tolling did not apply to claims against a defendant that was not named in a prior class action." *Id.* (citing *Highland Park Ass'n of Businesses and Enters. v. Abramson*, 91 F.3d 143, 1996 WL 382252 (6th Cir. July 3, 1996) (unpublished decision)). Thus, the *Wyser-Pratte* court reasoned, "because PwC was not a defendant in the Texlon class action, [Wyser-Pratte] may not rely on class action tolling to suspend the statute of limitations on [its] claims against PwC." *Id.* at 568. The court further reasoned that, although "PwC was a defendant in the PwC class action suit filed on May 3, 2001," class action tolling would apply but did not save Wyser-Pratte's fraud claims from being time barred. *Id.* "Because we have concluded that the statute of limitations began to run on [Wyser-Pratte]'s claims against PwC before May 3, 1999, the applicable two-year statute of limitations expired before [the Wyser-Pratte] class action was filed."

Defendants argue that Plaintiffs' § 1983 claims against the fourteen individuals they seek to add as party Defendants all expired before Plaintiffs sought to file their amended

12

complaint on September 3, 2013 -- that each challenged search accrued before September 3, 2010 -- and thus, without the benefit of class action tolling, are time barred. Relying on the decisions and legal principles discussed above, Defendants next argue that, because Plaintiffs' earlier complaint does not allege claims against these Defendants in their individual capacity, Plaintiffs are not entitled to class action tolling and are thus time barred. Plaintiffs respond to the contrary. They assert that, consistent with the legal principle highlighted by the Sixth Circuit in *Wyser-Pratte*, their claims against these newly named individual Defendants are entitled to class action tolling because these individuals had adequate notice. This Court disagrees.

Plaintiffs' notice argument is as follows. All challenged searches and seizures were performed pursuant to official Treasury policy, and all warrant officers (like the 14 individuals Plaintiffs seek to add as party Defendants) were required to follow the same official Treasury policy. In *Bollini v. Bolden*, No. 08-14608, 2010 WL 1494562, **6-9 (E.D. Mich. Apr. 14, 2010), the district court held that the state official defendants' seizure of the plaintiffs' assets in connection with the collection of a tax debt "without a judicially authorized warrant" violated the plaintiffs' Fourth Amendment rights. In July 2010, the Michigan Department of Treasury "allegedly discontinued" this challenged practice and, in January 2011, "replaced it with an official policy requiring a judicial order prior to executing a tax warrant." (Pls.' Resp. at 2.) Thus, Plaintiffs' argue, because each of the individuals they seek to add as a party Defendant was employed by the Michigan Treasury Department during this time period, each had constructive notice of Plaintiffs' potential § 1983 claims against them alleging that the Michigan Treasury Department's official policy allowing non-judicially authorized searches and seizures was unconstitutional. Plaintiffs'

13

cite no authority for this last, constructive notice argument, and the Court rejects it as pure speculation and conjecture. Plaintiffs seek to hold each of these 14 newly named Treasury Department employees liable in their individual capacity simply because each was a warrant officer acting under the direction of Andy Dillon, who is being sued in his official capacity as Michigan's Treasurer. Without any factual support, Plaintiffs merely assume that each had notice of the reason why the Treasury Department's policy was changed. More importantly, Plaintiffs provide no legal authority supporting their position that the class action tolling doctrine would apply when Plaintiffs seek to add new Defendants after the statute of limitations has expired. Considering the absence of supporting facts and legal authority, this Court rejects Plaintiffs' argument that the class action tolling doctrine applies under the facts presented here.

### b. Rule 15(c) Does Not Allow "Relation-Back" To Original Complaint

Because Plaintiffs' claims against these 14 newly named individuals are not tolled by the class action tolling doctrine, Plaintiffs must show that Federal Rule of Civil Procedure 15(c)'s requirements have been satisfied, thus allowing the claims against these newly added defendants to relate back to their original complaint. Plaintiffs have not met this burden.

In *Smith v. City of Akron*, 476 F. App'x 67 (6th Cir. 2012), the Sixth Circuit addressed whether the plaintiff's amendment adding names in place of previously unnamed "John Doe" defendants related back to the plaintiff's original complaint under Rule 15(c) and held that it did not. *Id.* at 69. It observed that an amended complaint that arises out of the same conduct described in the original complaint but changes a defendant "relates back if the new defendant '(i) received such notice of the action that [he] will not be prejudiced in

14

defending on the merits; and (ii) knew or should have known that the action would have been brought against [him], but for a mistake concerning the proper party's identity." *Id.* (citing Fed. R. Civ. P. 15(c)). Moreover, "[a] defendant's actual knowledge of the complaint and constructive knowledge that the plaintiff made a mistake in failing to name him must occur within 120 days of the filing of the original complaint." *Id.* (citing Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 15(c)). Important here, the *Smith* court held that, even if the newly added defendants "knew about the complaint soon after [plaintiff] filed it and should have known" that plaintiff intended to sue them, the plaintiff still had to satisfy "another prerequisite of Rule 15(c) -- that [the plaintiff] made a '"mistake concerning the proper party's identity."'" *Id.* (citing Fed. R. Civ. P. 15(c)(1)(C)(ii)).

Similar to the plaintiff in *Smith*, Plaintiffs here cannot satisfy that prerequisite and for the same reason. Plaintiffs do not argue that they made a mistake about the parties they intended to sue; rather, like the plaintiff in *Smith*, they failed to name and add defendants before the statute of limitations period expired. As the *Smith* court explained:

> The problem with [the plaintiff]'s amended complaint is that adding new, previously unknown defendants in place of "John Doe" defendants "is considered a change in parties, not a mere substitution of parties," and "such amendments do not satisfy the 'mistaken identity' requirement of Rule 15(c)[ ]." *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996). [The plaintiff] did not make a mistake about the identity of the parties he intended to sue; he did not know who they were and apparently did not find out within the two-year limitations period. The relation-back protections of Rule 15(c) were not designed to correct *that* kind of problem.

*Id.* (citations omitted).

Application of the Supreme Court's decision in *Krupski v. Costa Crociere S.p.A.*, 560 U.S. ___, 130 S. Ct. 2485 (2010), does not require a different conclusion. As the *Smith* court observed, "Krupski's problem is not Smith's problem." *Smith*, 476 F. App'x at 69. The

same is true here -- Krupski's problem is not Plaintiffs' problem. In *Krupski*, "the plaintiff knew of two potential parties when she filed the lawsuit, but she sued the wrong party and corrected the mistake only after the statute of limitations had expired." *Id.* (citing *Krupski*, 130 S. Ct. at 2490-92). Plaintiffs here, like the plaintiff in *Smith*, "did not make a mistake about which defendant to sue. . . ." *Id.* (citations omitted). While the plaintiff in *Smith* sought to change a previous "John Doe" party defendant for a named defendant and Plaintiffs here seek to add previously unnamed party Defendants, the same principles apply. As the Sixth Circuit observed in *Smith*, neither scenario satisfies the mistaken identity requirement of Rule 15(c). *Id* at 69. Moreover, "[e]ven after *Krupski*, Rule 15(c) offers no remedy for this problem." *Id. Accord, Burdine v. Kaiser*, No. 3:09CV1026, 2010 WL 2606257, \*\*2-3 (N.D. Ohio June 25, 2010) (observing post-*Krupski* that "[t]he Sixth Circuit . . . does not consider adding new parties as correcting mistaken identity under Rule 15(c).") Furthermore, as the *Smith* court observed, this approach "is consistent with the holdings of every other circuit on this issue." *Id.* at 69-70 (listing cases). Accordingly, Plaintiffs' motion for leave to amend its complaint to add § 1983 claims against Patricia Balczak, Nancy Bloomquist, Johnnie Bolden, Mishira Davis, Theresa Harris, Fred Jagger, Philip Johnson, Amanda Kelly, Iola Miller, Claire Monroe, Mary Murray, Jennie Rose, Steven Schaub, and Janet Thompson is denied. Any such amendment would be futile because these claims are time-barred under Michigan's three-year statute of limitations.

The decisions Plaintiffs rely upon do not support a different result. Plaintiffs' reliance on the district court's decision in *In re Refrigerant Compressors Antitrust Litig.*, No. 2:09-MD-02042, 2013 WL 1499499 (E.D. Mich. Apr. 11, 2013) is misplaced. There, the district court relied on dicta in the Sixth Circuit's decision in *Beverly v. MEVA Formwork Sys., Inc.*,

16

500 F. App'x 391, 395 (6th Cir. 2012), that the district court assumed was a hint from the Sixth Circuit that "following *Krupski*, [it would] no longer categorically bar[s] the addition of new parties under Rule 15(c) -- at least where the newly-named defendant is related to the original defendant." *In re Refrigerant Compressors Antitrust Litig.*, 2013 WL 1499499 at *5.

"The pivotal issue" in *Beverly* was "whether MEVA Germany" -- the party the plaintiff sought to add as a defendant -- "had notice within the period prescribed by Rule 15(c) that Beverly intended to bring an action against it but brought an action against MEVA USA due to a mistake." *Beverly*, 500 F. App'x at 393. "The relation back issue . . . turn[ed] on whether MEVA Germany received sufficient notice of the lawsuit and whether it knew or should have known that but for a mistake of identity it would have been named in the original complaint." *Id.* at 394. That is not the issue presented here. There is no claim that "but for a mistake in identity" the 14 individuals that Plaintiffs seek to add as party Defendants "would have been named in the original complaint." *Id.*

In *Beverly*, the Sixth Circuit refused to find that MEVA Germany had constructive knowledge of the plaintiff's lawsuit to allow relation back under Rule 15(c). *Id.* at 395. It acknowledged that, in light of this ruling, it "need not examine the line of cases in this circuit that preclude relation back under Rule 15(c) where the plaintiff seeks to add a new defendant." *Id.* (citing cases). It noted in dicta, however, that "[w]hile these cases arguably preclude relation back in this particular situation, they differ from the instant case because the new party in those cases was unrelated to the original party. Here, where lack of notice to MEVA Germany provides an easy basis for resolution, we need not explore whether this

17

factual difference affects the analysis." *Id.* This Court declines to rely solely on that dicta in *Beverly* to grant the relief Plaintiffs request here.

## IV. Conclusion

For the above-stated reasons, Plaintiffs' motion is GRANTED IN PART and DENIED IN PART. It is GRANTED as to Plaintiffs' request (1) to add Barbara Weatherbee as a party Defendant; and (2) to amend the complaint consistent with the Court's May 14, 2013 Order defining the Plaintiff class and consistent with the Court's clarification in this Order that the member class only includes taxpayers that were subject to searches/seizures that were "not judicially authorized" and thus excludes searches/seizures conducted pursuant to judicially issued orders. It is DENIED as to Plaintiffs' request to add Rashana Billingslea, Tiffany Burks, Hadley Ryan, Michael Severance, Kelly Straka, Elisa Viviano, Jacob White, Patricia Balczak, Nancy Bloomquist, Johnnie Bolden, Mishira Davis, Theresa Harris, Fred Jagger, Philip Johnson, Amanda (Kobera) Kelly, Iola Miller, Claire Monroe, Mary Murray, Jennie Rose, Steven Schaub, and Janet Thompson as named Defendants.

                                        s/Nancy G. Edmunds
                                        Nancy G. Edmunds
                                        United States District Judge

Dated: December 3, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 3, 2013, by electronic and/or ordinary mail.

                                        s/Johnetta M. Curry-Williams
                                        Case Manager
                                        Acting in the Absence of Carol A. Hemeyer