UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Adhid Miri, an individual, The Exchange Inc., A Michigan corporation d/b/a 'Copper Canyon" on behalf of themselves and all other similarly situated persons and entities,

Case No. 11-15248

Honorable Nancy G. Edmunds

  Plaintiffs,

v.

Kevin Clinton, in his capacity as Treasurer for the State of Michigan, Rick Rodriguez, an individual, Barbara Weathersbee, an individual, Michigan State Trooper John Doe #1, and Michigan State Trooper John Doe #2,

  Defendants.

_____/

## OPINION AND ORDER GRANTING DEFENDANT CLINTON'S MOTION TO DECERTIFY THE CLASS [58]

Currently before the Court is a motion to decertify the class in this class action. This motion was filed contemporaneously with Defendants' motion for summary judgment on the issue of injunctive relief. The Court granted Defendants' motion for summary judgment and dismissed the claim for injunctive relief. As a result, the Court may now, and for the reasons set forth below does, GRANT Defendants' motion to decertify the class.

**I. FACTS**

The facts of this case have been reviewed by the Court several times. As such, a brief summary will suffice. The Michigan Department of Treasury is in the practice of seizing assets to satisfy certain tax debts. It is alleged that for many years these seizures were conducted without a judicially issued warrant in violation of the Fourth Amendment to the

United States Constitution. Plaintiffs, after allegedly being subjected to a warrantless tax seizure, filed this lawsuit seeking damages under 42 U.S.C. § 1983, injunctive relief, and to certify a class. On May 14, 2013, the Court certified the following class for liability purposes only:

> All persons, businesses, or entities who or which have been subjected to nonconsensual, non-judicially approved search and/or seizure of their property carried out by agents or other persons acting on behalf of or at the direction of the Michigan Department of Treasury within the applicable statute of limitations period where such persons failed to secure judicially authorized warrants permitting such search and/or seizure.

Subsequently, Plaintiffs sought to add several defendants and to clarify the description of the class. In its Opinion and Order of December 3, 2013, the Court found that only one of Plaintiffs' proposed additional defendants, Defendant Weathersbee, could be added, and Defendants consented to her addition. As to the remaining proposed defendants, one group of proposed defendants was not added to the case because the § 1983 statute of limitations had run as to their allegedly unconstitutional seizures, and the other group of proposed defendants was not added because there was no evidence that they participated in warrantless seizures at all. Additionally, the Court clarified that the class was to consist only of "taxpayers that were subject to searches/seizures that were not judicially authorized and thus excludes searches/seizures conducted pursuant to judicially issued orders."

Defendant subsequently moved for summary judgment on the issue of injunctive relief. In an Order entered on April 16, 2014, the Court granted the motion, finding that the class was not under an imminent threat of repeated Fourth Amendment violations.

Defendants now argue that in light of the Court's dismissal of the claim for injunctive relief, that the class is reduced to eleven members and as such is too small to constitute a class under Rule 23.

Plaintiffs insist that the class either has not been reduced, or if it has that the eleven members suggested by Defendants still can qualify as a class under the law.

## II. ANALYSIS

### A. Class Decertification Under Federal Rule of Civil Procedure 23 and Applicable Sixth Circuit Law

The rules controlling class actions are found in Federal Rule of Civil Procedure 23, which states that:

> [o]ne or more members of a class may sue or be sued as representative parties on behalf of all members only if:
> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Additionally, and of note to the instant motion, Rule 23(c)(1)(C) states that "[a]n order that grants or denies class certification may be altered or amended before final judgment."

In line with Rule 23(c)(1)(C)'s grant of authority to alter or amend the class, the Sixth Circuit has noted that:

> a district court's responsibilities with respect to Rule 23(a) do not end once the class is certified. As we noted in *Barney v. Holzer Clinic, Ltd.*, 110 F.3d 1207, 1214 (6th Cir.1997), even after certification, so long as a district court retains jurisdiction over the case, the court must still inquire into the adequacy of representation and withdraw class certification if adequate representation is not furnished. *Id.* (quoting *Grigsby v. N. Miss. Med. Ctr., Inc.*, 586 F.2d 457, 462 (5th Cir.1978)). Generally, decertification would be

3

> precipitated by a motion by the defendants specifically challenging the named representatives' qualifications as representatives of the class. *See, e.g.*, *In re Se. Milk Antitrust Litig.*, 2011 WL 3205798, at *1 (E.D.Tenn. July 28, 2011) (considering defendants' motion to decertify the class based on failure to meet Rule 23(a)'s requirements); *Tate v. Hartsville/Trousdale Cnty.*, 2010 WL 4822270, at *1 (M.D.Tenn. Nov. 22, 2010) (same); *Bradberry v. John Hancock Mut. Life Ins. Co.*, 222 F.R.D. 568, 570 (W.D.Tenn. Aug. 13, 2004) (same); *Thompson v. Cmty. Ins. Co.*, 2004 WL 5345144, at *1 (S.D.Ohio Sept. 20, 2004) (same).

*Binta B. ex rel. S.A. v. Gordon*, 710 F.3d 608, 618 (6th Cir. 2013).

While the *Binta B.* Court made reference to a motion to decertify the class on the grounds of inadequate class representation, that is but one element listed in Rule 23(a), and the Court sees no reason that the same logic should not apply to the other three elements of Rule 23(a), in this case, Rule 23(a)(1)'s numerosity requirement.

### B. The Court's Dismissal of the Claims for Injunctive Relief Effectively Diminishes the Number of Class Members with Actionable Claims Below the Threshold Required to Maintain a Class Certification

As originally certified, the class consisted of 162 individuals and businesses. There is evidence before the Court that suggests that eleven of the class members had their assets seized by either Defendant Rodriguez or Defendant Weathersbee between 2008 and 2011, which means that those class members may have § 1983 claims that are not time barred. Defendant argues, and the Court agrees, that the Court's previous finding in its December 3, 2013 Opinion and Order regarding the running of the statue of limitations for § 1983 claims against the individuals that Plaintiffs unsuccessfully sought to join as defendants creates the logical implication that the class members subjected to seizures by those individuals do not have a viable § 1983 claim, and as such, are only a party to the suit on their claims for injunctive relief.

4

Seeing as the Court has dismissed the claim for injunctive relief, the 151 class members whose § 1983 claims are time barred are no longer eligible to be members of the class. *Guy v. Lexington-Fayette Urban Cnty. Gov't*, 488 F. App'x 9, 22 (6th Cir. 2012) cert. denied, 133 S. Ct. 547, 184 L. Ed. 2d 343 (U.S. 2012) (upholding the district court ruling that plaintiffs lacked the requisite numerosity to certify a class because only seven class members' claims were not time-barred.). Not only does the case law support the exclusion of potential class members whose claims are barred by the statute of limitations, the definition of the class itself in this case only includes those who were subjected to an unconstitutional seizure "within the applicable statute of limitations period." Therefore, the class originally included those with both injunctive claims and § 1983 claims, and those with only injunctive claims, but now, as there are no injunctive claims available, the "applicable statute of limitations period" is only that for § 1983 claims. The elimination of the class members whose claims were solely injunctive, then, leaves a class of eleven.

Plaintiffs claim that there is a pending motion to compel discovery that may reveal dates of seizures and details of seizures relevant to this motion, and that without that discovery, the Court and Plaintiffs are left in the position of having to take Defendants' "word" on the issue. That argument, however, sidesteps the fact that Defendants produced the information regarding the targets of and the dates of warrantless tax seizures as a result of an order issued by the Magistrate. The Court will not assume that a party that has appeared to comply with an order to disclose information has not done so fully and in good faith. Absent something more from Plaintiff to suggest that the information provided by Defendants is inaccurate, the Court will stand by its findings. Furthermore, as to Plaintiffs' argument that without the discovery, there is no way to know when the seizures affecting

5

the class took place ignores the fact that as the Plaintiffs, the class members were subjected to the seizures and should know when they happened.

Therefore, assuming that Defendants Rodriguez and Weathersbee and those individuals the Court declined to add as defendants were the only people carrying out seizures from December 1, 2008 through August 31, 2012, then the Court's finding that the non-defendant Treasury employees did not conduct any warrantless seizures within the § 1983 statute of limitations necessitates a conclusion that there are no other parties with viable § 1983 claims, and given the low numbers of seizures by Rodriguez and Weathersbee, it is highly improbable that they engaged in other warrantless seizures in sufficient numbers within the statute of limitations to increase the number of potential class members from eleven to a number more suitable for class certification.

As the Sixth Circuit noted in *Binta B.*, this Court has the obligation to monitor the class to ensure that it complies with the requirements of Rule 23 throughout the course of the litigation process. Here, the Court finds that eleven members is not sufficient to satisfy the numerosity requirement of Rule 23(a)(1). *Guy*, 488 F. App'x at 22 (noting that "[a] class of twenty or fewer is usually insufficiently numerous. 5 Moore's Federal Practice at § 23.22(1)(b).).

Plaintiffs correctly point out that the essence of the numerosity requirement is found in the impracticability of joinder as opposed to the raw number of class members. The problem with that argument in this case is that eleven is such a low number that in order to establish impracticability of joinder, Plaintiffs would have to point to some extreme conditions that simply are not present. As Defendants point out, all of the eleven would-be class members are located locally and their identities are easily ascertainable. Indeed,

Defendants produced their names for this litigation. Plaintiffs' argument for maintaining the class for reasons of judicial economy does nothing to counter the suggestion by Defendants that the remaining parties simply be joined as plaintiffs. Finally, Plaintiffs' argument that the financial burden of having experienced a tax seizure makes the putative class members less likely to join the lawsuit or pursue their own lawsuits flies in the face of the fact that Plaintiffs themselves suffered a tax seizure and chose to pursue litigation as a result.

In short, because the Court has dismissed the claim for injunctive relief, the 151 class members whose § 1983 claims are barred by the statute of limitations can no longer be counted toward the class, and as such, the eleven remaining members do not meet the requirements of Rule 23 for maintaining a class. Therefore, the Court GRANTS Defendants' motion to decertify the class.

### III. CONCLUSION

For the reasons set forth above, the Court GRANTS Defendants' motion to decertify the class and hereby DECERTIFIES the class pursuant to Federal Rule of Civil Procedure 23(a)(1) & (c)(1)(C).

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: May 1, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 1, 2014, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager